FILED
SUPERIOR COURT
OF GUAM

2021 SEP 22 PM 4: 11

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0343-21 |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER DENYING |
| PAUL CHRISTOPHER | ) | DEFENDANT'S MOTION TO MODIFY |
| MANGLONA CAMACHO, | ) | PRE-TRIAL RELEASE CONDITIONS TO |
| DOB: 01/24/1991 | ) | ALLOW LIMITED CONTACT WITH |
| | ) | ALLEGED VICTIM; ORAL MOTION FOR |
| Defendant. | ) | RELEASE ON ELECTRONIC MONITORING |

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Defendant Paul Christopher Manglona Camacho's ("Defendant") Motion to Modify Pre-Trial Release Conditions To Allow Limited Contact With Alleged Victim ("Motion") filed on September 8, 2021. Defendant seeks a modification to allow him to have limited contact with the alleged victim for the purpose of coordinating visitation and to retrieve his personal belongings in the possession of the victim. The People of Guam, represented by Assistant Attorney General Renaida Z. San Nicolas ("AAG San Nicolas"), oppose the Motion on the basis that the Alleged Victim does not want contact with Defendant and contends that Defendant has no property in her possession.

The Motion was heard on September 22, 2021. AAG San Nicolas was present and continued to oppose the Motion. Defendant was present with counsel Assistant Public Defender Peter Sablan. Having reviewed the pleadings, parties' oral arguments, the record, and relevant law, the Court hereby **DENIES** Defendant's Motion.

*People v. Paul Christopher Manglona Camacho,* CF0343-21
D&O Denying Defendant's Motion to Modify Conditions of Release on
Electronic Monitoring and Oral Motion to Release Defendant on Electronic Monitoring
Page 1 of 4

## DISCUSSION

Defendant was indicted with two charges of FAMILY VIOLENCE (as a Third Degree Felony involving the Alleged Victim, identified herein as V.M.. On August 12, 2021, Defendant was released on Electronic Monitoring ("EM" or "EM Program") on August 12, 2021, by Magistrate Judge Jonathan Quan ("Magistrate Quan") and ordered, *inter alia,* to stay away from and have no contact with V.M. Order of Conditional Release and Appearance Bond (Aug. 12, 2021). The Defendant then sought to modify his release to permit limited contact with V.M. for the purpose of arranging for visitation with their minor child and in order to retrieve his belongings from the home. The People opposed the Motion, indicating that although V.M. did not want any contact, that the visitation with the minor child could occur through Erica's House. The hearing on Defendant's Motion was originally set for September 16, 2021, but was continued to September 22, 2021.

On September 12, 2021, Probation Services Division of the Superior Court of Guam filed a 1st Violation against Defendant, alleging that Defendant breached the "Inclusion Zone" and that Probation confirmed that Defendant had left his residence in violation of House Arrest provisions. 1st Violation Report (Sept. 15, 2021). A Second Violation was filed on September 20, 2021, alleging that Defendant again breached the "Inclusion Zone" rule at 9:29 p.m. and again at 10:22 p.m. and confirmed that Defendant left his residence "in direct violation of the Court's order ... to observe House Arrest." 2nd Violation Report (Sept. 20, 2021). As a consequence of the violations, Magistrate Quan issued a Bench Warrant, which was returned on September 20, 2021. Magistrate Quan addressed the violations during a return of warrant hearing on September 21, 2021, during which Defendant answered to the violations and explained that his father had just passed away and that he left the home. At the hearing, Magistrate Quan revoked Defendant's

*People v. Paul Christopher Manglona Camacho,* CF0343-21
D&O Denying Defendant's Motion to Modify Conditions of Release on
Electronic Monitoring and Oral Motion to Release Defendant on Electronic Monitoring
Page 2 of 4

release on the EM program and committed Defendant to the custody of the Department of Corrections, pending the posting of $3,000 CASH BAIL to secure his release. Min. Entry. at 11:30AM (Sept. 21, 2021).

On September 22, 2021, this Court heard Defendant's Motion. Based upon the record in this case and further representation by the People that V.M. does not want contact, and further, because the Defendant is confined pending posting of bail in the amount of $3,000.00, the Court DENIES Defendant's Motion for limited contact with the V.M.

During the hearing on the Motion, Defendant, through counsel, moved orally for his release, once again, on EM. Because Magistrate Quan considered Defendant's request to release him on Electronic Monitoring less than twenty-four (24) hours prior to the instant oral request and because the Defendant has not established any changed circumstances since Magistrate Quan revoked his release on Electronic Monitoring, particularly in light of the three violations of the Inclusion Zone rule, this Court DENIES Defendant's oral motion for his release on EM.

For the reasons set forth above, the Court hereby DENIES Defendant's Motion for Limited Contact with the Alleged Victim and his oral motion for Release on Electronic Monitoring.

//

//

//

//

//

//

//

*People v. Paul Christopher Manglona Camacho,* CF0343-21
D&O Denying Defendant's Motion to Modify Conditions of Release on
Electronic Monitoring and Oral Motion to Release Defendant on Electronic Monitoring
Page 3 of 4

## CONCLUSION

**DEFENDANT'S REASSERTION OF RIGHT TO SPEEDY TRIAL:** Because the Defendant has reasserted his right to speedy trial as of September 22, 2021, the Court will vacate the Amended Criminal Trial Scheduling Order (Sept. 10, 2021), issued after Defendant filed a waiver on August 13, 2021, and concurrent with this Decision and Order, shall issue new trial dates consistent with his statutory right to speedy trial.[1]

**SO ORDERED** this _____ SEP 2 2 2021 _____.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, PDSC_

Date: 9-22-21  Time: 4:19pm

Deputy Clerk, Superior Court of Guam

---

[1] On July 26, 2021, Defendant **asserted** his right to Speedy trial pursuant to 8 GCA § 80.60 and the 6th Amendment. The Court issued trial dates consistent with the assertion. On August 13, 2021, Defendant **waived** his right to speedy trial. At the hearing on September 22, 2021, Defendant **reasserted** his statutory right to speedy trial. Because the Defendant is detained, the Court must bring Defendant to trial within the time remaining following his assertion, tolling following his waiver, and reassertion, or 27 days from September 22, 2021.

*People v. Paul Christopher Manglona Camacho,* CF0343-21
D&O Denying Defendant's Motion to Modify Conditions of Release on
Electronic Monitoring and Oral Motion to Release Defendant on Electronic Monitoring
Page 4 of 4